JERRY LUTHER BARNES V. STATE.

No. 25,923. June 25, 1952.
Appellant's Motion for Rehearing Denied (Without Written Opinion) October 22, 1952.

Hon. Frank Williford, Jr., Judge Presiding.

*Bell, Dyche and Bell,* by *Spurgeon E. Bell,* Houston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, ten years.

One Dickey, the injured party, testified that he went to a tap room, where appellant was tending bar; that he ordered a beer; that appellant served him and demanded the money for the beer. Dickey stated that, in a joking manner, he asked appellant if he wanted the money then or later; that appellant asked Dickey if he didn't think he was tough and, at the same time, reached under the counter, got a pistol and fired point blank at him, which bullet took effect in his shoulder and caused him to fall to the floor. Dickey further testified that, as he lay on the floor, appellant fired at him again, hitting him in the arm; and that, as a result of these bullet wounds, he became paralyzed from the mid-chest downward; and that he was still in a wheel chair at the time of the trial some 15 months later.

A Mrs. Clinkscales testified that she saw appellant fire the second shot at Dickey, while he was lying on the floor; and that a woman was behind the bar trying to get the appellant to desist before the second shot was fired.

Appellant, testifying in his own behalf, gave practically the same account of the transaction as had Dickey, except that appellant claimed that Dickey was standing up at the bar holding a beer bottle by the neck at the time he fired both shots.

We find the evidence sufficient to support the conviction.

There are no bills of exception in the record.

The proceedings appearing regular, the judgment of the trial court is affirmed.